IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| OTTO R. MEDINA, | : | |
| Plaintiff | : | Civil Action 2:08-cv-154 |
| v. | : | Judge Sargus |
| COLUMBUS STATE COMMUNITY COLLEGE, *et al.*, | : | Magistrate Judge Abel |
| | : | |
| Defendant | | |

ORDER

This matter is before the Court pursuant to Plaintiff's Motion for Default Judgment (Doc. 22) and Defendants' Motion for Extension of Time (Doc. 23).

Plaintiff's Complaint (Doc. 4) was docketed on February 26, 2008, pursuant to this Court's Order of that date (Doc. 2) granting Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* and compelling a response to the complaint within forty-five days of service. On March 19, 2008, Defendant Roger McGlaughlin was served with process (Doc. 6); on March 20, 2008, Defendant Columbus State Community College was served with process (Doc. 7). On April 17, 2008 Defendants jointly moved for an extension of time to move or plead until April 28, 2008 (Doc. 8), but withdrew this motion on April 29, 2008 (Doc. 11). On May 2, 2008, Defendants filed a motion to dismiss (Doc. 12).

1

On June 17, 2008, the Magistrate Judge issued a report and recommendation (Doc. 14) denying Defendants' motion to dismiss and mooting Defendants' motion for an extension of time. On July 3, 2008, Plaintiff filed a motion for leave to amend his complaint (Doc. 16). On July 31, 2008, Defendants filed a notice that they did not oppose such amendment (Doc. 18). On August 26, 2008, as no objections to it had been received, the Court entered an order adopting the Magistrate Judge's report and recommendation of June 17, 2008, and further granting Plaintiff's motion for leave to amend (Doc. 19).

Plaintiff's Amended Complaint was thus filed on August 26, 2008. Pursuant to Fed. R. Civ. Pro. 15(a)(3), Defendants were obligated to move or plead in response within ten days after service of the amended pleading, or September 5, 2008. On September 15, 2008, Defendants filed an answer to Plaintiff's amended complaint (Doc. 21). On September 17, 2008, Plaintiff filed a motion for a default judgment (Doc. 22).

On September 24, 2008, Defendants filed a "Motion for an Extension of Time to Answer Plaintiff's Amended Complaint and Response to Defendant's Motion for Default Judgment" (Doc. 23). In this document, Defendants admitted that they had not opposed Plaintiff's amendment of his complaint, that they had filed their answer out of rule, and that, in reliance upon Defendants' failure to timely move or plead in response in Plaintiff's amended complaint, Plaintiff had already moved for a default judgment. Nevertheless, Defendants aver that their failure to timely answer was inadvertent and that "to grant Plaintiff's Motion to Dismiss [sic] would

be highly prejudicial to Defendants and eliminate their opportunity to defend themselves against Plaintiff's unfounded allegations" (Doc. 23 at 2).

Defendants are essentially moving for the extension of a deadline which has already passed, or more precisely for leave to file their answer out of rule. Rule 6(b)(1)(B) provides that a court may extend the time within which an act can be performed "on motion made after the time has expired if the party failed to act because of excusable neglect". In determining whether such neglect was excusable, the Court balances five factors: (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith. *Nafzinger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006), citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993). Here, Defendants have stated no reason for their delay, aside from inadvertence, in framing an answer to a complaint which had been before them since Plaintiff's original motion to amend two and a half months earlier (a motion to which Defendants explicitly filed a notice of their assent). Plaintiff's assertion that Defendants "has [sic] had more than amble [sic] time to answers [sic] the plaintiff's complaint" is accurate (Doc. 22 at 1).

However, Plaintiff's Motion for Default Judgment is procedurally inappropriate. Rule 55 of the Federal Rules of Civil Procedure provides for a two-step process in obtaining a default against a defendant who has failed to plead or otherwise defend. First, a plaintiff must request from the Clerk of Court an entry of

3

default, describing the particulars of the defendant's failure to plead or otherwise defend against his complaint. Fed. R. Civ. Pro. 55(a). If Plaintiff receives an entry of default, he must then move this Court for a default judgment. Fed. R. Civ. Pro. 55(b). Here, Plaintiff moved for a default judgment (Doc. 22) without first obtaining an entry of default from the Clerk.

As Plaintiff's Motion for a Default Judgment (Doc. 22) was prematurely filed, it is accordingly **DENIED**. As the filing of Plaintiff's motion for default was essentially the basis for possible prejudice arising from Defendants' untimely filing of their answer, Defendants' motion for leave to file their answer out of rule (Doc. 23) is **GRANTED**.

s/ Edmund A. Sargus
United States District Judge

4