IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

OTTO R. MEDINA, :

        Plaintiff    :    Civil Action 2:08-cv-154

v.     :    Judge Sargus

COLUMBUS STATE COMMUNITY    :    Magistrate Judge Abel
COLLEGE, *et al.*,

    :

        Defendant

    :

**ORDER DENYING MOTION FOR RECONSIDERATION**

Plaintiff Otto R. Medina brings this action against Defendants Columbus State Community College ("CSCC") and Roger McGlaughlin alleging that CSCC wrongly denied him admission into its dental program at its London, Ohio branch because, at the time of his application, he was not a citizen of the United States. This matter is before the Court on Plaintiff's motion to reconsider the Court's September 29, 2008 Order denying his motion for default judgment and granting Defendants' motion for leave to file their answer out of rule (doc. 31).

On August 26, 2008, the Court granted Plaintiff's motion for leave to file an amended complaint. Defendants had ten days to respond to the amended complaint. That time expired September 5, 2008. On September 15, 2008, Defendants filed an answer out of rule (doc. 21). On September 17, 2008, Plaintiff filed a document entitled "Notice to the Clerk of Defendants Default," accompanied by one entitled "Plaintiff's

1

Motion for Default Judgment Against Defendants" (doc. 22). On September 24, 2008, Defendants belatedly moved for leave to file their answer out of rule (doc. 23). On September 29, 2008, the Court denied Plaintiff's motion for default judgment and granted Defendants permission to file their answer out of rule (doc. 27).

In his motion for reconsideration, Plaintiff raises no new arguments not previously considered by the Court when denying his motion for default judgment. He protests that the Clerk of Court had notice of his request for entry of default, and that thus his request for a default was pending at the time when Defendants' answer was docketed.

Default judgment "is a drastic step which should be resorted to only in the most extreme cases." *Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990); *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983). Cases should be decided on the merits. *Schwab v. Bullock's, Inc.*, 508 F.2d 353, 355 (6th Cir. 1974).

Here, default has not been entered. Even if it had, default can be set aside "for good cause shown." Rule 55(c), Fed. R. Civ. P. Three factors are considered in determining whether there is good cause to set aside a default: whether plaintiff will be prejudiced if the case is reopened, whether defendant asserts a meritorious defense, and whether defendant's culpable conduct led to the default. *United Coin Meter Co.*, 705 F.2d at 845, *Berthelsen*, 907 F.2d at 620. The delay caused by a defendant's failure to promptly answer will not alone demonstrate that the plaintiff has been prejudiced by setting aside the default. *Id.* Prejudice may be shown by a loss of evidence, increased

2

difficulties conducting discovery, greater opportunities for fraud and collusion, and the like. *Id.*

Defendants' answer asserts defenses that, if proved, would be meritorious. Plaintiff has failed to demonstrate that Defendants' culpable conduct led to the entry of default. Defendants were represented by counsel. Any fault in the failure to answer should be attributed to Defendants' attorney and not to them. *See, Buck v. U.S. Dept. of Agric.*, 960 F.2d 603, 608 (6th Cir. 1992); *INVST Fin. Group v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 400 (6th Cir. 1987). Consequently, even if default had been entered, the Court would have set it aside and proceeded to adjudicate this case on its merits.

Finding that Plaintiff has failed to demonstrate that he is entitled to default judgment, his motion for reconsideration of the September 29, 2008 Order (doc. 31) is **DENIED**.

*[signature]* 11-13-2008
United States District Judge