IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

OTTO MEDINA,                         :

        Plaintiff           :       Civil Action 2:08-cv-154

  v.                                 :       Judge Sargus

COLUMBUS STATE COMMUNITY             :       Magistrate Judge Abel
COLLEGE, *et al.*,
                             :

        Defendants.

## REPORT AND RECOMMENDATION

Plaintiff Otto Medina brings this action alleging that Defendants unlawfully rejected his application for a Columbus State dental technology program because he was not a U.S. citizen. This matter is before the Court pursuant to Defendants' Motion for Dismissal and Summary Judgment (Doc. 35)[1]. Defendants seek dismissal under Fed. R. Civ. P. 12(b)(1) as to Defendant Columbus State Community College, on grounds that Plaintiff's cause of action is barred by the Eleventh Amendment. Defendants also argue that Plaintiff "has failed to support his demand for declaratory and injunctive relief", that he "refused the relief offered by Defendants that would make him whole", and that he "has failed to prove that he

---

[1] Defendants' March 2, 2009 motion to strike Plaintiff's response (doc. 39) to their reply brief supporting their motion for summary judgment is **DENIED.** Defendants' reply brief in support of their motion for summary judgment put Plaintiff's discovery requests in issue, and Plaintiff had the right to provide those requests to the Court to argue his position on that contested issue.

has been damaged in any way, thereby eliminating any monetary relief to be granted."  Plaintiff, in response, states that there exist genuine issues of material fact, and requests, pursuant to Fed. R. Civ. Pro. 56(f), that the motion be denied.

Plaintiff has filed suit against Defendants Columbus State Community College ("CSCC") and Roger McGlaughlin ("McGlaughlin") pursuant to 28 U.S.C. §1983, for violation of his constitutional right to equal protection under the law.[2] (Doc. 1-3 at 4.)  Plaintiff is a prisoner at the London Correctional Institution.  In April 2006, he applied to the CSCC dental program offered in London, Ohio, and was "processed to begin the semester" when he received a form letter from Roger McGlaughlin, the "Site Specialist/CSCC Dental Program", dated April 6, 2007.[3] This letter stated, "We are sorry to have to inform you that in response to your request for admission to the Columbus State Community College Dental Lab Program, it was determined that you *do not* meet the following eligibility criteria:" The form contained several check-boxes; "You are not a citizen of the United States" was checked as the grounds for ineligibility.  (Doc. 1-5 at 1.)  Plaintiff is, indeed, not a citizen of the United States.[4]  (Doc. 1-3 at 3.)  He argues that aliens

---

[2] The Court noted in its Order of June 17, 2008 that Plaintiff's Complaint "may or may not plead a due process challenge".  Plaintiff has not subsequently alleged a cause of action other than one under 42 U.S.C. §1983 for violation of due process.

[3] The record is not clear as to whether Plaintiff had been accepted to the program, or had merely applied to it.

[4] Plaintiff describes himself as a "Dominican national" who is legally a permanent resident in the United States.  (Doc. 1-3 at 3.)  It is not clear whether he

legally in the United States are entitled to the protections of the Fourteenth Amendment, and that Title VI of the Civil Rights Act forbids discrimination on the basis of national origin by any program or activity receiving federal or state funding.  Plaintiff seeks injunctive and declaratory relief and damages.

Defendants, in their answer, stated that McGlaughlin's response to Plaintiff had been poorly phrased, and that CSCC had actually denied him admission because he was unable to provide documentation to verify his immigration status. (Doc. 21 at 1-2.)  Defendants further stated that the dean overseeing the prison program investigated the matter, determined that a mistake had been made, and further determined that Plaintiff's prior status as a student satisfied the documentation requirement.[5]

Thomas Erney's January 23, 2009 affidavit supports these factual assertions in defendants' answer. Erney, who is Dean of Instructional Services for CSCC, states that Medina was denied admission because he failed to provide proof of his legal resident status.  Erney Aff., ¶ 5(d) and 7.  The complaint demonstrates that Medina was aware of this requirement, because he attached to it as Exhibit 1 CSCC's admission requirements for applicants who are permanent residents, stating the requirements.  Those requirements include providing "documentation

---

is a citizen of Dominica, or of the Dominican Republic, but the difference is not relevant to this legal analysis.

[5] Plaintiff had, however, also failed to provide such proof at the time of his initial enrollment in 2001.  Doc. 35-4 at ¶5(e).

3

verifying immigration status to the application." Neither the complaint nor any of Medina's affidavits assert that he complied with this CSCC admissions application requirement. Thus, Erney's affidavit is uncontroverted.

On April 17, 2008, after CSCC had been served with Plaintiff's complaint initiating this lawsuit, the dean and a senior program administrator visited Plaintiff at the prison, informed him of what had happened, informed him apologetically that it was not CSCC's policy to discriminate against noncitizens, and, notwithstanding the waiting list, offered him a space in the next available program, which was to begin in a few weeks. Plaintiff rejected this offer.[6] (Doc. 21 at 3.) The facts stated in Defendants' answer are attested to by Thomas Erney, CSCC's Dean of Instructional Services, in an affidavit attached to Defendants' motion for summary judgment. (Doc. 35-4.)

Plaintiff has attached two affidavits to his memorandum contra. (Doc. 36 at 11-12.) However, he does not, in either, materially dispute any of the material facts set out above. In one, he recites that he has requested from CSCC discovery which would, if it were produced, demonstrate that CSCC engaged in "an ongoing practice

---

[6] Plaintiff states that "[t]he Defendant expressed an attempt to make Plaintiff whole by offering him the opportunity to re-enroll in their college for the following semester, but Plaintiff knows this is nothing but a smoke screen to down play their discriminating practices or to continue them in a more sophisticated legally deceptive manner." Doc. 36 at 8.

It should be noted that Plaintiff, after his application to CSCC's program was denied, applied to and was accepted to a program at Urbana University instead. Doc. 36 at 8. He states that this substitution "has all but shattered Plaintiff's educational prospect in this profitable field [dental lab technician]." Doc. 38 at 2.

4

that was geared towards denying all non-citizens a right to an education." (Doc. 36-2 at 9.) However, none of the discovery attached to Plaintiff's February 27, 2008 brief (Doc. 38) addresses whether his application provided proof of his legal resident status. Since failure to provide information required by the application would be an independent, lawful ground for CSCC to deny the application, Plaintiff has failed to demonstrate that his proposed discovery–even if it revealed instances in which CSCC unlawfully denied other legal resident prisoners entry to an academic program–would not defeat defendants' motion for summary judgment.

Plaintiff has brought a claim for violation of constitutional rights pursuant to 42 U.S.C. §1983. This statute states in relevant part that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbus, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[...]

To prevail under § 1983, a plaintiff must show that (1) "the conduct complained of was committed by a person acting under color of state law" and (2) the "conduct deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986).

Given the nature of the pleadings and affidavits before the Court, it is apparent that there are no genuine issues of material fact in this case. Plaintiff has

5

made various representations that other non-citizen inmates have been denied enrollment at CSCC (Doc. 36-2), that CSCC discriminates against non-citizens (Doc. 38 at 2), and that he was treated differently from other inmates (Id.). He has, however, alleged no fact which, if proved, would contradict Defendants' explanation.

On the basis of the facts at hand, there is no reason to conclude that Defendants CSCC or McGlaughlin have engaged in any conduct which deprived Plaintiff of his civil rights. CSCC denied Plaintiff admission to its program on the basis that he had not documented his immigration status. It did send him a letter inaccurately stating that it was doing so on the basis of citizenship. When Plaintiff complained of this fact, it explained the mistake. Moreover, it later waived the requirement and offered him immediate admission.

Plaintiff does not, in fact, challenge CSCC's ability to bar admission to those who cannot demonstrate legal residency. Nor is it clear that he would have standing to do so, being, as he claims, a legal permanent resident of the United States.[7] If CSCC had persisted in barring him from admission after he had demonstrated his legal residency, Plaintiff might have been able to bring a colorable civil rights claim. If CSCC's policy actually were what McGlaughlin's letter made it appear to be – that prospective students could be barred simply because "You are not a citizen of the United States", Plaintiff might have been able to bring a

---

[7] The Court does not express an opinion as to Plaintiff's immigration status. However, Defendants have not challenged it, aside from a note that Plaintiff has yet to prove such status. Doc. 37 at 2.

colorable civil rights claim.

However, Plaintiff cannot make a *prima facie* showing of disparate treatment here, because the undisputed facts demonstrate that he has not been discriminated against. Plaintiff did not demonstrate his residency status. He was thereupon denied admission, although the reason was incorrectly stated. He could have been denied admission for the correct reason, at least until he satisfied the documentation requirement. However, CSCC waived this requirement when he complained about his apparent mistreatment, and offered him immediate admission. There is no evidence before the Court to indicate that Plaintiff was, at any point, denied any right, privilege, or immunity available to anyone else, or that, despite the phrasing of its form letter, CSCC actually had a policy generally denying admission to noncitizens.[8] There is also no evidence before the Court to indicate that Plaintiff was treated in a manner different from other immigrants who did not document their residency status.

There exists no genuine issue of material fact. Furthermore, because Plaintiff has made no showing that he was discriminated against, Defendants are entitled to judgment as a matter of law pursuant to Fed. R. Civ. Pro. 56(c). It is not clear what additional facts Plaintiff could present to justify his opposition even if he had additional time to obtain more discovery. Accordingly, I **RECOMMEND** that

---

[8] Exhibit 1 to Plaintiff's Complaint (Doc. 1-4) is a portion of Defendant CSCC's course catalog which states the procedure for "applicants who are immigrants" to apply to CSCC.

Defendants' Motion for Summary Judgment (Doc. 35) be **GRANTED**, and that this case be **DISMISSED**. Furthermore, Defendants' Motion to Strike (Doc. 39) is **DENIED**.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the party thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgement of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also, Small v. Secretary of Health and Human Services*, 892 F.3d 15, 16 (2d Cir. 1989).

s/Mark R. Abel
United States Magistrate Judge