IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| OTTO MEDINA, | : | |
| Plaintiff | : | Civil Action 2:08-cv-154 |
| v. | : | Judge Sargus |
| COLUMBUS STATE COMMUNITY COLLEGE, *et al.*, | : | Magistrate Judge Abel |
| Defendant | : | |

## OPINION AND ORDER

Plaintiff Otto R. Medina filed this action on February 19, 2008, alleging that he was wrongly denied admission to Defendant Columbus State Community College ("CSCC") on the basis of his national origin (Doc. 4). On January 30, 2009, Defendants filed a motion for summary judgment (Doc. 35). On April 15, 2009, the Magistrate Judge issued a report and recommendation (Doc. 40) that the motion for summary judgment be granted because the uncontroverted evidence demonstrated that Medina's application for admission to CSCC's dental program was denied because he failed to attach to the application proof that he was a legal resident of the United States, not because of his national origin. This matter is now before the District Judge for *de novo* review pursuant to Plaintiff's objections to the report and recommendation (Doc. 43). For the reasons set forth herein, Plaintiff's objections are overruled, and the report and recommendation is adopted.

1

The following uncontroverted allegations are drawn from affidavits submitted by both parties. Plaintiff is a prisoner incarcerated at London Correctional Institution. He is a Dominican national, who avers that he has been a legal resident of the United States since 1988.[1] In April 2006, Plaintiff applied to the CSCC Dental Lab program offered in London, Ohio. He had previously attended CSCC in 2001, prior to his incarceration. (Doc. 36 at 11, ¶1.) On neither occasion did he provide documentation of his legal residency status to CSCC. On April 6, 2007, Plaintiff received a form letter from Roger McGlaughlin, the program's site specialist. It stated: "We are sorry to have to inform you that in response to your request for admission to the Columbus State Community College Dental Lab Program, it was determined that you *do not* meet the following eligibility criteria:" (Doc. 4-3, emphasis in original.) This was followed by a list of check boxes. A box labeled "You are not a citizen of the United States." was checked.

Plaintiff thereafter complained through the prison grievance process, and by correspondence to CSCC's president, that he was being illegally discriminated against on the basis of alienage. Finally, on February 19, 2008, Plaintiff filed the instant lawsuit against CSCC and Roger McGlaughlin. In his complaint, Plaintiff stated that he was bringing his action under 42 U.S.C. §1983 for deprivation of rights guaranteed by the Fourteenth Amendment. He also asserted that Title VI of

---

[1] Neither side in this litigation has presented information as to whether Plaintiff is in fact a legal resident of the United States. However, Defendants do not dispute the issue.

2

the Civil Rights Act, 42 U.S.C. §2000d prohibits CSCC, as an educational institution receiving federal financial assistance, from discriminating against applicants on the basis of national origin.

On April 17, 2008, Thomas Erney, CSCC's Dean of Instructional Services, Susan Norris-Berry, CSCC's Off-Campus Programs Administrator, and Defendants' former counsel met with Plaintiff at his prison. They informed Plaintiff that the statement in the form letter was erroneous, and that he had actually been denied admission because he had not provided documentation that he was a legal resident. Mr. Erney apologized for the miscommunication, and offered to admit Plaintiff to the Dental Lab program and to place him at the top of the waiting list, so that he could begin the following month. Plaintiff refused this offer, stating that he preferred to continue his litigation.[2] (Doc. 35-4 at 2-3.)

On April 15, 2009, the Magistrate Judge issued a report and recommendation, recommending that Defendants' motion to dismiss and/or for summary judgment (Doc. 35) be granted. The Magistrate Judge found:

> However, Plaintiff cannot make a *prima facie* showing of disparate treatment here, because the undisputed facts demonstrate that he has not been discriminated against. Plaintiff did not demonstrate his residency status. He was thereupon denied admission, although the reason was incorrectly stated. He could have been denied admission for the correct reason, at least until he satisfied the documentation requirement. However, CSCC waived this requirement when he

---

[2] Plaintiff does not dispute this account, which is drawn from Mr. Erney's affidavit, and, in fact, notes that "the Dean of CSCC wanted to make plaintiff whole". (Doc. 43 at 5.) After his application to the Dental Lab program was denied, Plaintiff applied to, and was accepted to, a program at Urbana University instead. (Doc. 38 at 2.)

3

> complained about his apparent mistreatment, and offered him
> immediate admission. There is no evidence before the Court to
> indicate that Plaintiff was, at any point, denied any right, privilege, or
> immunity available to anyone else, or that, despite the phrasing of its
> form letter, CSCC actually had a policy generally denying admission to
> noncitizens. There is also no evidence before the Court to indicate that
> Plaintiff was treated in a manner different from other immigrants who
> did not document their residency status.

(Doc. 40 at 7.) The Magistrate Judge therefore found that no genuine issue of material fact exists, and that Defendants were entitled to judgment as a matter of law on the question of whether Plaintiff had been illegally discriminated against.

Plaintiff, in his objections to the report and recommendation, argued that genuine issues of material fact exist. He claimed that the allegations in his verified complaint and affidavits contradicted Defendants' account, and that the proposition that Defendants refused him admission for a legitimate reason – his failure to provide documentation – is undermined by the fact that CSCC had previously permitted him to attend. More generally, however, Plaintiff states that he cannot present facts essential to justify his opposition without additional discovery from Defendants. Despite Plaintiff's general claims that his verified complaint and affidavits contradict Defendants' account of what happened, however, he has not identified any factual discrepancies between them, and the Court can find none.

The Court in the first place finds that the Magistrate Judge's analysis was correct. Defendant CSCC offered a legitimate, non-discriminatory basis for denying Plaintiff's application – that he had not provided documentation of his immigration status. Plaintiff himself presented evidence that this policy existed at the time he applied, and that he was aware of it; he attached to his complaint a copy of CSCC's

4

admission requirements for permanent residents, which state that an applicant must "[a]ttach a photocopy of the documentation verifying immigration status to the application." (Doc. 4-2 at 1.) Plaintiff does not dispute that this would have been a legitimate, non-discriminatory basis for denying admission, and has presented no argument aside from generalized allegations of malice that CSCC's actual basis for denial was merely a pretext for discrimination.[3]

More generally, however, it appears to the Court that this dispute is now moot. Plaintiff, in his complaint, sought "injunctive and declaratory relief and damages" (Doc. 4 at 4). The basis for his damages is not clear. Plaintiff refers to his "embarrassment, humiliation, mental anguish, [and] inconvenience." (Doc. 43 at 5.) He also alleges headaches, depression, and suicidal ideation. (Doc. 36 at 12, ¶5.) However, a prisoner cannot bring a federal civil action for mental or emotional injury suffered while in custody without a prior showing of physical injury. 42 U.S.C. §1997e(e). Plaintiff has neither showed, nor even alleged, such injury. He therefore cannot receive monetary damages.

The nature of the injunctive and declaratory relief which Plaintiff sought in his complaint is likewise not clear. If the relief Plaintiff sought was admission to the CSCC Dental Lab program, he has already been offered it and has rejected it. (Doc. 36 at 8.) Moreover, he states that, were he to enroll in the program, he would

---

[3]Plaintiff also argues that CSCC was on notice of his status as a legal resident because it had admitted him before. This omission, however, is irrelevant. Whether or not, in light of his prior attendance, CSCC's claim in 2007 that he had not provided documentation was erroneous, it was not discriminatory.

5

not complete it. *See* Pl's affidavit at Doc. 36, p. 11, ¶7-8. It is therefore uncertain what remedy Plaintiff could receive if he were to prevail in this lawsuit. To receive relief from a federal court, a plaintiff must demonstrate a "'personal stake in the outcome' in order to 'assure that concrete adverseness which sharpens the presentation of issues'" necessary for the adjudication of a case or controversy. *City of Los Angeles v. Lyons,* 461 U.S. 95, 101 (1983), quoting *Baker v. Carr,* 369 U.S. 186, 204 (1962). A plaintiff must present an actual, ongoing dispute to maintain a claim. *Honig v. Doe,* 484 U.S. 305, 317 (1988). Here, he cannot receive, or no longer wants, the relief for which he sued. Therefore, this case is now moot, and granting summary judgment to Defendants is appropriate.

In his memorandum contra Defendants' motion for summary judgment, Plaintiff requested, pursuant to Fed. Rs. Civ. Pro. 37 and 56(f), that the Court compel Defendants to respond to certain discovery requests and deny summary judgment on grounds that, without further discovery, Plaintiff cannot adequately oppose the motion. Plaintiff states that such discovery will demonstrate that it is Defendant's policy to discriminate against noncitizens, and that "the discriminatory practices deprived the Plaintiff of a desired educational skill which resulted in severe emotional anguish accompanied with anxieties, embarrassment, that lead to Plaintiff attending Urbana University instead of the plan education he had hoped for while incarcerated." (Doc. 36 at 8.)

Fed. R. Civ. Pro. 56(f) requires that a party opposing a motion for summary judgment show that he "cannot present facts essential to justify [his] opposition".

6

The discovery which Plaintiff seeks concerning the emotional and vocational effects of CSCC's initial denial is not relevant to the question of whether, as a matter of law, CSCC discriminated against him in the first place. Furthermore, Plaintiff avers that he also requires:

> (1) A list of names or identities of inmates incarcerated at London Prison who were non-citizen and was denied enrollment into Columbus State Community College that are still within London Prison. (2) A list of names or identities of College Enrollment Official assigned to London Branch Campus, who are employed by Columbus State Community College that has refused inmates admittance into the Dental Program because of the discriminatory policy. (3) A list of names or identities of inmates at London Branch Campus that has filed complaints because they were denied enrollment into the Dental Program due to their Non-citizenship.

(Doc. 36-2 at 9.)

Plaintiff avers that such information would permit him to demonstrate that Defendants engage in an ongoing discriminatory practice intended to bar noncitizens from studying there. Whether or not this were true, there is no genuine issue of material fact as to whether CSCC discriminated against *him* on the basis of citizenship, because the uncontroverted facts are that Medina failed to attach to his application a copy of immigration documents demonstrating that he was legally in the United States, which was an express requirement of the admissions application known to him. The experiences of other prison inmates would not alter the conclusion that CSCC had a legitimate, non-discriminatory basis for denying Plaintiff admission, and that Defendants are entitled to judgment as a matter of law. Moreover, obtaining or presenting such evidence would not restore to life a controversy which has become moot.

Therefore, accordingly, the Report and Recommendation (Doc. 40) is **ADOPTED**. Defendants' Motion for Summary Judgment (Doc. 35) is **GRANTED**. The Clerk of Court is **DIRECTED** to enter judgment in favor of Defendants.

                                                /s/ _____ 8-18-2009
                                                       United States District Judge